# In the United States Court of Federal Claims

WILLIAM B. COOK,

        Plaintiff,

    v.

THE UNITED STATES,

        Defendant.

No. 21-cv-2069

Filed: January 31, 2022

**ORDER**

    Plaintiff William B. Cook, appearing *pro se*, initially filed suit on October 22, 2021 (ECF No. 1), and filed his amended complaint on November 15, 2021. Amended Complaint (ECF No. 8) (Am. Compl.). Plaintiff's wide-ranging amended complaint alleges that the United States (Defendant): (1) defrauded him through "unconscionable contracts," Am. Compl. at 4-5; (2) illegally performed a warrantless search and seizure, *id.* at 5; (3) pirated his "contracts," *id.*; (4) fraudulently attempted to collect a debt, *id.*; (5) falsely imprisoned him, *id.*; (6) made a "solicitation of bribery," *id.* at 6; and (7) violated the Fifth Amendment of the United States Constitution by depriving him "of his life, liberty and property to gain the most amount of money without due process or just compensation." *Id.* Plaintiff proposes a myriad of remedies, including monetary damages and equitable relief. *Id.* at 6-7.

    Presently before the Court is Defendant's Motion to Dismiss Plaintiff's amended complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims (Rule(s)). *See generally* Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 26) (Def. Mot.). For

the reasons discussed below, Defendant's Motion is **GRANTED** pursuant to Rules 12(b)(1), 12(h)(3), and 12(b)(6).

## APPLICABLE LEGAL STANDARD

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims outside of its subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Tucker Act provides the U.S. Court of Federal Claims with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). For a claim to fall within this Court's "jurisdiction under the Tucker Act, a plaintiff must identify a money-mandating statute or agency regulation." *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021).

When considering a motion to dismiss based upon lack of subject matter jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) ("When a party has moved to dismiss for lack of subject matter jurisdiction, we view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate.").

While this Court must liberally construe the filings of *pro se* plaintiffs, such plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (per curiam) (citations omitted); *Curry v. United States*, 787 F. App'x

720, 722 (Fed. Cir. 2019) (per curiam) (citations omitted).  As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* litigants.  *See Landreth*, 797 F. App'x at 523; *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff also must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555-57).

## DISCUSSION

As described further below, Plaintiff's claims fall beyond the scope of this Court's subject matter jurisdiction or do not state a claim upon which relief may be granted.  The amended complaint asserts a variety of claims stemming from alleged violations of tort, constitutional, and criminal law.  Several of Plaintiff's claims are directed to the state of Colorado, not to the United States.  In each case, Plaintiff's claims fall outside of this Court's jurisdiction, which is limited to monetary claims against the United States.  As noted below, to the extent this Court has jurisdiction over Plaintiff's Fifth Amendment Takings claim, Plaintiff's claim fails pursuant to Rule 12(b)(6).  Finally, even assuming this Court had jurisdiction over any of Plaintiff's claims, Plaintiff's proposed remedies are beyond the scope of what this Court can order.  The Court must, therefore, dismiss Plaintiff's amended complaint.

*Tort Claims*

This Court lacks subject matter jurisdiction over Plaintiff's claims that the Government defrauded him through "unconscionable contracts," Am. Compl. at 4-5; pirated his "contracts," *id.* at 5; fraudulently attempted to collect a debt, *id.*; and falsely imprisoned him. *Id.* While this Court has jurisdiction over claims arising out of contracts with the United States, "the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."[1] *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see also* 28 U.S.C. § 1491(a)(1). Fraud through an unconscionable contract and fraudulent debt collection both sound in tort. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[F]raud as a cause of action lies in tort."). As does false imprisonment. *Jackson v. United States*, 612 F. App'x 997, 998 (Fed. Cir. 2015) ("Because a claim of false imprisonment sounds in tort, it falls outside the court's jurisdictional reach."). Finally, to the extent that Plaintiff's claim that the Government pirated his "contracts" amounts to an allegation of conversion of Plaintiff's property, that too sounds in tort. *See, e.g.*, *Marketel Int'l, Inc. v. Priceline.com, Inc.*, 36 F. App'x 423, 425 (Fed. Cir. 2002) (describing conversion as a tort claim). As these claims sound in tort, this Court lacks jurisdiction to adjudicate them.

---

[1] An exception, inapplicable here, occurs when the tort claim is "based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim." *Wood v. United States*, 961 F.2d 195, 198 (Fed. Cir. 1992) (citation omitted). Plaintiff has neither articulated a cognizable contract with the United States government nor pleaded a tort claim that would depend on the validity of such contract. *See generally* Am. Compl. The "contracts" Plaintiff seemingly references are his personal property and other personal identifiable information. *Id.* at 2 (referencing "contracts of birth certificate, drivers license, voter registration, Health First Colorado, … military enrollment, … contract of social security, … contract of passport, and … contract of mailing address"). Conversion of these effects would be independent of any potential breach of contract by the United States.

4

*Constitutional Claims*

This Court likewise lacks jurisdiction over Plaintiff's allegations that the Government made an unlawful "search or seizure" and robbed him "of his life, liberty and property to gain the most amount of money without due process or just compensation." Am. Compl. at 5-6. This Court gleans from the cases cited by Plaintiff[2] and his references to "probable cause," rendering the "warrant [requirement] meaningless," and the constitutionality of the government's actions, *id.*, that Plaintiff's allegation of an unlawful "search [and] seizure" is premised on the prohibition of "unreasonable searches and seizures" in the Fourth Amendment to the United States Constitution. This Court lacks jurisdiction over Fourth Amendment claims as such claims do "not mandate the payment of money for its violation." *Brown*, 105 F.3d at 623; *Flowers v. United States*, 321 F. App'x 928, 934 (Fed. Cir. 2008).

Plaintiff's claim that the Government robbed him "of his life, liberty and property to gain the most amount of money without due process or just compensation" may generously be characterized as a claim under the Takings or Due Process Clauses of the Fifth Amendment to the United States Constitution. Am. Compl. at 6. The Court must dismiss the claim under either characterization. The Tucker Act waives sovereign immunity for certain claims against the United States that are founded upon the United States Constitution or federal laws. 28 U.S.C. § 1491(a)(1). However, to come within this sovereign immunity waiver, the constitutional and statutory provisions at issue must mandate the payment of money for their violation. *See United States v. Mitchell*, 463 U.S. 206, 218 (1983); *Todd v. United States*, 386 F.3d 1091, 1094 (Fed.

---

[2] Two cases cited by Plaintiff, *Brown v. Patterson,* 275 F. Supp. 629 (D. Colo. 1967) and *People v. Moreno*, 491 P.2d 575 (Colo. 1971), examine the legality of a search and an arrest warrant, respectively, under the Fourth Amendment to the U.S. Constitution and Article II, Section 7 of the Constitution of Colorado. *See* Am. Compl. at 5.

Cir. 2004). As the Due Process Clause is not money-mandating, Plaintiff's related claims concerning alleged due process violations must be dismissed for lack of jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3). *See Smith v. United States,* 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.") (citing *Le Blanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) (per curiam) (same). Accordingly, the Court lacks subject matter jurisdiction over this claim to the extent that it alleges a due process violation because the Due Process Clause "does not obligate the government to pay money damages." *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995).

While this Court typically has jurisdiction over Fifth Amendment Takings cases involving the United States, *Hall v. United States*, 185 F.3d 881 (Fed. Cir. 1999), Plaintiff fails to articulate a compensable taking under the Fifth Amendment to satisfy Rule 12(b)(6). To sufficiently plead a takings case, "a complaint need only aver facts showing that: (i) the plaintiff had a property interest; (ii) defendant caused some form of appropriation of the property to occur; and (iii) just compensation has not been paid." *Quebedeaux v. United States*, 112 Fed. Cl. 317, 321-22 (2013). Here, Plaintiff's amended complaint fails to meet that baseline threshold at the outset by omitting the property interest allegedly taken by the United States. *Id.* Accordingly, Plaintiff has failed to "state a claim upon which relief can be granted," and his Fifth Amendment Takings claim must be dismissed, even assuming subject matter jurisdiction exists. *See* Rule 12(b)(6).

*Criminal Law Claims*

To the extent that Plaintiff's complaints of false imprisonment, solicitation, bribery, and search and seizure amount to allegations of criminal conduct,[3] Am. Compl. at 5-6, this Court also lacks subject-matter jurisdiction over such claims. This Court may not "adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

*Claims Against Colorado or Arising Under Colorado's Constitution*

Plaintiff's various allegations related to the State of Colorado also fall outside this Court's jurisdiction. In addition to the defects previously discussed, this Court may not consider Plaintiff's claim of false imprisonment because the state of Colorado is the alleged defendant. *See* Am. Compl. at 2 ("Colorado has imprisoned [Plaintiff] in Boulder County Jail from 11/25/2020 to 1/5/2021 and again 5/15/2021 to current."). It is well-established that the U.S. Court of Federal Claims lacks jurisdiction over claims against "state and county entities." *Langan v. United States*, 812 F. App'x 982, 985 (Fed. Cir. 2020); *see also Brewington v. United States*, No. 19-cv-611, 2020 WL 1818679, at *3 (Fed. Cl. Apr. 1, 2020) *aff'd*, 2020 WL 6494841 (Fed. Cir. July 23, 2020) (per curiam) (dismissing claims against state actors for lack of jurisdiction). Under the Tucker Act, "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . [and] relief sought [against parties other than the] United States . . . must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

---

[3] For example, in his discussion of an alleged unlawful search and seizure, Plaintiff cites to *United States v. Crouch*, 666 F. Supp. 1414, 1415 (N.D. Cal. 1987), a case analyzing the legality of surveillance conducted under the Omnibus Crime Control and Safe Streets Act of 1968. Am. Compl. at 5.

7

Plaintiff also cites the Colorado Constitution throughout his amended complaint. *See, e.g.*, Am. Compl. at 6. To the extent that Plaintiff attempts to raise violations of the Colorado Constitution, this Court similarly lacks jurisdiction to hear such claims because "[c]laims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) (citations omitted).

*Requested Remedies*

Even if this Court were to ignore the jurisdictional defects in Plaintiff's amended complaint, it could not provide the remedies Plaintiff requests. Because this Court's jurisdiction "is limited to money claims against the Government, [it has] no authority to enter a declaratory judgment, or to grant affirmative non-monetary relief unless it is tied and subordinate to a monetary award." *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975) (citation omitted); *see also Brown*, 105 F.3d at 624 ("The Tucker Act does not provide independent jurisdiction over . . . claims for equitable relief.") (citation omitted). Thus, the Court does not have the power to enter "a banishment order on Colorado"; free Plaintiff from jail; remove Plaintiff's address "from Colorado and its department listings"; conceal all accounts "bearing William Brian Cook and the like"; conceal from creditors everything on Plaintiff's credit report except Plaintiff's allegedly "perfect credit rating"; and provide Plaintiff with "a special green passport." Am. Compl. at 6-7.

The only relief Plaintiff requests that may be characterized as "monetary" are Plaintiff's requests for $20,000,000; "an unlimited prepaid credit card"; and for "Defendants to pay court fees per set-off." *Id.* However, because Plaintiff has not pleaded any money-mandating cause of action that could serve as the basis for such awards, all such requested relief must be denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss for Lack of Jurisdiction (ECF No. 26) is **GRANTED pursuant to Rules 12(b)(1), 12(h)(3), and 12(b)(6)**, and Plaintiff's claims are **DISMISSED**. Accordingly, Plaintiff's pending motions — Motion for Proper Accounting (ECF No. 13); Motion to Disregard Technicalities (ECF No. 15); Motion to Remove Duplicate Filings (ECF No. 17); Motion to Identify Jurisdiction (ECF No. 19); Motion for Lawful Accounting and to Serve Defendants (ECF No. 25); Motion for Proper Accounting (ECF No. 30); and Motion for Relief (ECF No. 31) — are **DENIED as MOOT**. Defendant's Motion to Dismiss Various Motions and Filings (ECF No. 33) is similarly **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

 s/ Eleni M. Roumel
ELENI M. ROUMEL
Judge